**Emily AFFRUNTI, Plaintiff–Appellant,**

v.

**LONG ISLAND UNIVERSITY,**
**Defendant–Appellee.**

No. 04–2710–CV.

United States Court of Appeals,
Second Circuit.

June 22, 2005.

Emily Affrunti, Garden City, NY, for Appellant, pro se.

James G. Ryan, Cullen and Dykman Bleakley Platt LLP (Jennean R. Lee–Rogeers, on the brief), Garden City, NY, for Appellee.

PRESENT: WALKER, CARDAMONE, Circuit Judges, and OWEN,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Emily Affrunti appeals from the March 25, 2004, judgment of the district court granting summary judgment in favor of defendant-appellee Long Island University ("LIU"), Affrunti's former employer, and dismissing her complaint alleging discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634. Affrunti claims that she was terminated, denied a promotion, subjected to unequal terms and conditions of employment, and retaliated against because of her age. She also alleges that LIU promised to reinstate her, but then refused to do so. Additionally, Affrunti made the following specific allegations: (1) LIU denied her the opportunity to take continuing education classes; (2) LIU failed to address her complaints of physical harassment; (3) LIU applied different rules for making up time and job duties to younger employees; (4) a younger employee at her level and with less seniority was promoted to a higher position after taking a leave; and (5) she was replaced by a twenty-four-year old.

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 165–66 (2d Cir.2003). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). A fact is "material" if it "might affect the outcome of the suit under the governing law," and an issue of fact is

"genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Viewing the evidence in the light most favorable to Affrunti, as the district court and we are required to, we agree with the district court that Affrunti's claims were time-barred. We therefore affirm the district court's grant of summary judgment to LIU.

In order to assert a claim under the ADEA, a charge must be filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discrimination. 29 U.S.C. § 626(d)(2). *See Miller v. ITT Corp.*, 755 F.2d 20, 23 (2d Cir.1985). The time period in which to file a charge with the EEOC begins on the date the employee has definite notice of the termination, not the date of actual discharge. *See id.* at 23.

Here, it is undisputed that Affrunti was terminated on February 20, 1997. She did not file an EEOC charge until February 6, 1998, however, which was more than 300 days after the date of her termination. Affrunti's effort to convert the initial inquiry she made to the Nassau County Commission on Human Rights in October 1997 into a formal charge is unavailing. *See* 42 U.S.C. § 2000e–5 ("Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."); *see also Park v. Howard Univ.*, 71 F.3d 904, 908 (D.C.Cir.1995) (holding that a pre-complaint questionnaire setting forth the alleged discrimination was not a charge as it was not sworn and did not provide notice to the prospective defendant). Indeed, in a September 13, 2002, letter to the district court, Af-

---

* The Honorable Richard Owen, United States District Court for the Southern District of New York, sitting by designation.

frunti conceded that "only a preliminary inquiry was completed" in October 1997 and that no discrimination charge was filed until February 6, 1998.

█ Affrunti also argues that LIU's failure to rehire her in October 1997 constituted a continuing violation, thereby rendering her termination claim timely. This argument fails because the continuous-violation exception applies only where the alleged discrimination is accomplished through a specific policy or practice, such as discriminatory seniority lists or employment tests. *See, e.g., Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir.1993) ("Multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation."). Assuming that, as a general matter, a failure to rehire could constitute a continuing violation, Affrunti has failed to establish that LIU's alleged failure to rehire her was part of a "discriminatory policy or mechanism," *Lambert*, 10 F.3d at 53, or was based on her age. Moreover, Affrunti provided no evidence that she even applied for any positions subsequent to her termination. *See Abrahamsen v. Sperry*, 1979 WL 241, at *3 (E.D.N.Y. June 8, 1979), *aff'd*, 614 F.2d 1285 (2d Cir.1979) (holding that the "[m]ere continuing failure to rehire, without further action on [the] plaintiff's part by way of reapplication or renewed application," is insufficient to establish a continuing violation). Accordingly, Affrunti's claims were properly dismissed by the district court as time-barred.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED and LIU's motion to strike portion's of Affrunti's reply brief is DENIED as moot.